FILED - MQ
March 25, 2026 12:13 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
By: neg  SCANNED BY: ___ / 3-25

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

JOSEPH ROSS BREIDENSTEIN   Case No.
Plaintiff,

                Hon.

v.

**1:26-cv-983**

Robert J. Jonker - U.S. District Judge

CHARLEVOIX COUNTY, MICHIGAN;
SHERIFF CHUCK VONDRA;
OFFICER WILLIAM (BILL) CHURCH;
DEPUTY CLYDE PAYTON;
SERGEANT JUSTIN HOLZSCHU;
JOHN DOE OFFICERS 1–10,
Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This civil rights action is brought under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments.

2. Defendants conducted a constitutionally deficient investigation, procured a warrant through false statements and material omissions, exceeded the scope of that warrant by entering multiple properties without authorization, arrested Plaintiff without probable cause, seized and unlawfully retained his property, and ignored exculpatory evidence.

3. The search warrant was later quashed by a Michigan court, and the prosecution withdrew its appeal, resulting in a favorable termination for Plaintiff and confirming the absence of probable cause.

4. As a direct result of Defendants' actions, Plaintiff suffered significant economic, reputational, medical, and emotional harm.

### II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

6. Supplemental jurisdiction exists under 28 U.S.C. § 1367.

1

7. Venue is proper under 28 U.S.C. § 1391(b).

## III. PARTIES

8. Plaintiff is a Michigan resident and self-employed contractor whose business depends on mobile communication, scheduling, and customer relationships.

9. Defendant Charlevoix County is a municipal entity responsible for policies, training, supervision, and discipline of its officers, and is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978).

10. Defendants Vondra, Church, Payton, and Holzschu were sworn law enforcement officers acting under color of state law and are sued in their individual capacities.

11. Defendant William Church is further liable for failing to document Plaintiff's stolen vehicle report and suppressing exculpatory evidence.

12. John Doe Officers 1–10 are additional officers whose identities are currently unknown and will be identified through discovery.

## IV. FACTUAL ALLEGATIONS

### A. Failure to Investigate and Vehicle Incident

13. Prior to the warrant, Plaintiff reported his vehicle as stolen following a dispute involving the same individual relied upon by Defendants.

14. Defendant Church refused to take or document the stolen vehicle report despite being informed of the circumstances.

15. This refusal prevented preservation of exculpatory evidence and contributed to a flawed investigation.

16. Plaintiff's vehicle was later found abandoned in Grand Rapids, Michigan.

17. Plaintiff incurred damages including towing fees, storage costs, tickets, and loss of use.

18. Officers violate constitutional protections when they ignore known exculpatory evidence. Gregory v. City of Louisville, 444 F.3d 725 (6th Cir. 2006).

### B. Procurement of Constitutionally Defective Warrant

19. On or about July 9, 2025, Defendants obtained a search warrant.

2

20. The warrant affidavit relied on an unverified informant with no established reliability.

21. Defendants conducted no meaningful investigation, including no surveillance, no controlled buys, and no independent corroboration.

22. The affidavit included false statements and omitted material facts necessary to a probable cause determination.

23. A warrant is invalid where officers knowingly or recklessly include false statements or omit material facts. Franks v. Delaware, 438 U.S. 154 (1978); Vakilian v. Shaw, 335 F.3d 509 (6th Cir. 2003).

## C. Omission of Material Exculpatory Evidence

24. Defendants failed to disclose critical information, including informant unreliability, Plaintiff's stolen vehicle report, and a prior 911 call favorable to Plaintiff.

25. These omissions were material and would have negated probable cause.

## D. Unlawful Entry into Multiple Properties

26. Defendants obtained a warrant only for 3154 Townhouse Trail.

27. Defendants also entered and searched Plaintiff's separate residence without a warrant.

28. This constituted a second, independent intrusion without judicial authorization.

29. Plaintiff did not consent, and no exigent circumstances existed.

30. Warrantless entry into a home is presumptively unconstitutional. Payton v. New York, 445 U.S. 573 (1980).

31. A warrant for one location does not authorize entry into another. Steagald v. United States, 451 U.S. 204 (1981).

## E. Arrest Without Probable Cause

32. Plaintiff was publicly arrested.

33. No drugs or evidence supported the allegations.

34. Probable cause requires reasonably trustworthy information. Beck v. Ohio, 379 U.S. 89 (1964).

## F. Seizure and Retention of Property

35. Defendants seized Plaintiff's phones and business property.

36. These devices contained essential business data.

37. Defendants retained them beyond any lawful purpose.

38. Continued retention of property violates the Fourth Amendment. Fox v. Van Oosterum, 176 F.3d 342 (6th Cir. 1999).

## G. Favorable Termination

39. The warrant was quashed.

40. The prosecution withdrew its appeal.

41. Plaintiff was never convicted.

42. Favorable termination supports Plaintiff's claims. Sykes v. Anderson, 625 F.3d 294 (6th Cir. 2010).

## H. Resulting Harm

43. Plaintiff suffered:

- Loss of business income and contracts
- Loss of customers and opportunities
- Medical harm and hospitalization
- Emotional distress
- Reputational damage
- Vehicle-related losses
- Invasion of privacy due to unlawful entry

## V. FEDERAL CLAIMS

## COUNT I – UNLAWFUL SEARCH AND SEIZURE

44. Defendants violated the Fourth Amendment by obtaining and executing an invalid warrant.

45. Groh v. Ramirez, 540 U.S. 551 (2004).

## COUNT II – FALSE ARREST

46. Plaintiff was arrested without probable cause.

## COUNT III – MALICIOUS PROSECUTION

47. Defendants initiated proceedings without probable cause.

48. Proceedings terminated in Plaintiff's favor.

## COUNT IV – FRANKS VIOLATION

49. Defendants knowingly or recklessly included false statements and omissions.

## COUNT V – FABRICATION OF EVIDENCE

50. Defendants fabricated or adopted false allegations.

## COUNT VI – FAILURE TO INVESTIGATE

51. Defendants ignored exculpatory evidence.

## COUNT VII – UNLAWFUL RETENTION OF PROPERTY

52. Defendants unlawfully retained Plaintiff's property.

## COUNT VIII – UNLAWFUL ENTRY

53. Defendants entered property not covered by the warrant.

## COUNT IX – MUNICIPAL LIABILITY

54. Defendant County failed to train and supervise officers.

## COUNT X – CIVIL CONSPIRACY

55. Defendants acted jointly to violate Plaintiff's rights.

## VI. STATE LAW CLAIMS

(Pursuant to 28 U.S.C. § 1367)

Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

## COUNT XI – FALSE ARREST / FALSE IMPRISONMENT (Michigan Law)

59. Under Michigan law, false arrest and false imprisonment occur when a person is restrained without probable cause.

60. Defendants caused Plaintiff to be arrested and detained without probable cause.

61. The warrant was obtained through false statements and omissions and was later quashed, confirming the absence of probable cause.

62. Plaintiff's arrest and detention were therefore unlawful.

63. As a result, Plaintiff suffered loss of liberty, emotional distress, reputational harm, and financial damages.

64. Defendants are liable for false arrest and false imprisonment.

See:

- Peterson Novelties, Inc. v. City of Berkley

## COUNT XII – DEFAMATION (LIBEL AND SLANDER)

65. Defendants made false statements accusing Plaintiff of criminal drug activity.

66. These statements were communicated to third parties, including law enforcement personnel and members of the public.

67. The statements were false and made without reasonable investigation.

68. Defendants acted negligently and/or with actual malice.

69. The statements harmed Plaintiff's reputation, particularly as a business owner who relies on trust and referrals.

70. Plaintiff suffered damages including loss of business, emotional distress, and reputational injury.

71. Defendants are liable for defamation.

## COUNT XIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

72. Defendants engaged in extreme and outrageous conduct, including:

- Fabricating or adopting false allegations
- Arresting Plaintiff without probable cause
- Ignoring exculpatory evidence
- Entering Plaintiff's home without a warrant
- Refusing to document Plaintiff's stolen vehicle report

6

73. Defendants acted intentionally or recklessly.

74. Plaintiff suffered severe emotional distress, including anxiety, humiliation, and hospitalization.

75. Defendants' conduct exceeds all bounds of decency tolerated in a civilized society.

76. Defendants are liable for intentional infliction of emotional distress.

See:

- Roberts v. Auto-Owners Insurance Co.

## COUNT XIV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (ALTERNATIVE)

77. In the alternative, Defendants owed Plaintiff a duty to act with reasonable care.

78. Defendants breached that duty by:

- Failing to investigate
- Ignoring exculpatory evidence
- Conducting an improper investigation
- Refusing to document the stolen vehicle report

79. Defendants' conduct caused Plaintiff severe emotional distress with physical manifestations, including hospitalization.

80. Plaintiff's injuries were foreseeable.

81. Defendants are liable under a negligence theory.

## COUNT XV – CONVERSION (MICHIGAN LAW)

82. Plaintiff owned and had a right to possess his phones and personal property.

83. Defendants wrongfully exercised dominion and control over Plaintiff's property by seizing and retaining it.

84. The retention was unlawful and without justification.

85. Plaintiff was deprived of the use of his property.

86. This caused financial loss and business interruption.

87. Defendants are liable for conversion.

See:

- Foremost Insurance Co. v. Allstate Insurance Co.

## COUNT XVI – NEGLIGENCE (FAILURE TO INVESTIGATE)

88. Defendants owed Plaintiff a duty to conduct a reasonable investigation.

89. Defendants breached that duty by:

- Failing to verify allegations
- Relying on unreliable information
- Ignoring exculpatory evidence
- Refusing to document Plaintiff's stolen vehicle report

90. Defendant Church's refusal directly caused additional damages, including towing, storage fees, and penalties.

91. Defendants' negligence was a proximate cause of Plaintiff's injuries.

92. Plaintiff suffered economic, emotional, and reputational damages.

## COUNT XVII – GROSS NEGLIGENCE (MICHIGAN LAW)

93. Defendants' conduct was so reckless as to demonstrate a substantial lack of concern for whether injury would result.

94. Defendants:

- Ignored known exculpatory evidence
- Conducted no meaningful investigation
- Exceeded the scope of a warrant
- Entered Plaintiff's home without authorization

95. This conduct was the proximate cause of Plaintiff's injuries.

96. Defendants are not entitled to governmental immunity because their actions constituted gross negligence.

See:

- MCL 691.1407

## VII. DAMAGES

56. Plaintiff suffered:

- Lost income: $30,000 – $60,000
- Lost opportunities: $10,000 – $20,000

- Receivables: $5,000 – $10,000
- Property loss: $5,000 – $15,000
- Medical damages: $5,000 – $25,000
- Emotional distress: $50,000 – $150,000
- Reputational harm: $25,000 – $100,000
- Vehicle damages: $3,000 – $10,000

## TOTAL DAMAGES

57. Total damages exceed $130,000 – $390,000.

## PUNITIVE DAMAGES

58. Plaintiff seeks punitive damages under Smith v. Wade, 461 U.S. 30 (1983).

## VIII. PRAYER FOR RELIEF

Plaintiff requests:

A. Compensatory damages

B. Punitive damages

C. Declaratory relief

D. Injunctive relief

E. Costs and attorney's fees under 42 U.S.C. § 1988

F. Interest

G. Any other relief deemed just

## IX. JURY DEMAND

Plaintiff demands trial by jury.

## X. EXHIBITS

Exhibit A – Order Quashing Warrant

Exhibit B – Declaration

**Respectfully submitted,**

9

*Joseph Ross Breedenstein*

JOSEPH ROSS BREIDENSTEIN
Plaintiff, Pro Se
4371 Bullock
Walloon Lake, MI 49796
Phone no. 231-838-3444


Dated: March 22, 2026

*Joseph Ross Breedenstein*

Joseph Ross Breidenstein
4371 Bullock
Walloon Lake, MI 49796

Clerk
United States District
Western District of
330 Federal Bldg
202 W. Washington St
P.O. Box 698
Marquette, MI 49855

**CPU**

U.S. POSTAGE IMI
$12.45
PRML    RDC 03
Orig: 49544
Dest: 49855
03/22/26
2000051512
R2305P149604    8W
02

*court*
*chigan*



EXPECTED DELIVERY DAY: 03/25/26

USPS TRACKING® #

9505 5265 3706 6081 1012 79